Gary Owens, Esquire
gowens@margolisedelstein.com
Attorney I.D. No. 569225
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
(215) 922-1100
**Attorney for Petitioner**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| NORTH AMERICAN CENTER FOR CONTINUING MEDICAL EDUCATION, <br><br> Petitioner, <br> v. <br><br> THOMAS SERENA, MD., <br><br> Respondent. | No. _____ |

### NORTH AMERICAN CENTER FOR CONTINUING MEDICAL EDUCATION'S PETITION AND MOTION TO ENFORCE ARBITRATION SUBPOENA TO NON-PARTY THOMAS SERENA

Pursuant to Section 7 of the Federal Arbitration Act (9 U.S.C. § 7) (the "FAA"), North American Center for Continuing Medical Education ("Petitioner" or "NACCME"), by and through its undersigned counsel, respectfully petitions this Honorable Court to enforce the arbitration duces tecum ("Subpoena") issued to Dr. Thomas Serena ("Respondent" or "Dr. Serena") by The Hon. Harriet Derman (ret.), pursuant to her authority as arbitrator in a pending arbitration before the American Arbitration Association. The Subpoena instructs Dr. Serena, who is not a party to the arbitration, to appear for an arbitral hearing in Boston, Massachusetts and there produce the documents and data requested by the Subpoena, as permitted by the FAA. In response to our inquiry whether Dr. Serena would comply with the subpoena, Dr. Serena's Counsel filed a Motion

1

to Enforce the Stay in Philadelphia, Pennsylvania the Court of Common Pleas to modify the subpoena, in effect, Dr. Serena has refused to comply without an order from this Court enforcing the subpoena.

## INTRODUCTION

1. On April 22, 2022, NACCME served non-party Dr. Serena with the Subpoena issued by The Honorable Harriet Derman (ret.) in a pending proceeding (the "Arbitration"), requiring Dr. Serena's attendance and further requiring Dr. Serena to produce documents and data at an arbitration hearing in Boston, Massachusetts. See Exhibit A and Exhibit B.

2. This Subpoena was issued by Judge Derman (ret.) pursuant to its authority under the FAA, 9 U.S.C. § 7, and was narrowly tailored to NACCME's needs in the Arbitration. See Exhibit A. Nonetheless, Dr. Serena has refused to comply with the Subpoena absent an order from this Court.

3. NACCME respectfully requests that this Court enter an order directing Dr. Serena to attend an arbitration deposition in Boston, Massachusetts and further to produce the documents and data responsive to the Subpoena.

## PARTIES

4. Petitioner NACCME is a provider of continuing medical education accredited by the Accreditation Council for Continuing Medical Education ("ACCME"), the Accreditation Council for Pharmacy Education ("ACPE") and the American Nurses Credentialing Center ("ANCC") to provide continuing education for the healthcare team. NACCME is also accredited by the Council on Podiatric Medical Education, the American Psychological Association and the Commission on Dietetic Registration. As an accredited provider, NACCME strictly adheres to the AACME standards for Commercial Support and other relevant guidelines to insurance the independence of continuing medical education ("CME") and continuing education ("CE") activities. All of NACCME provided CME/CE activities are objective, balanced, scientifically rigorous, and free of commercial bias.

5. Respondent Thomas Serena, MD, is a male individual residing at 9 Cross Bow Lane, Norwell, MA 02061, who was President of the Association for the Advancement of Wound Care ("AAWC") during 2016 to 2020. Additionally, Dr. Serena is employed by SerenaGroup,

Inc. where he is the CEO and Medical Director which has an address of 125 Cambridge Park Drive, Suite 301 Cambridge, MA 02140.

## ADDITIONAL PARTIES TO UNDERLYING ARBITRATION

6. AAWC is a nonprofit medical association with a focus in interdisciplinary wound care organization with a mission to advance the care of people with and at risk for wounds, with a principal place of business at 19 Mantua Road, Mt. Royal, NJ 08061. Defendant AAWC is medical association.

## JURISDICTION AND VENUE

7. This is a proceeding to enforce an arbitration subpoena arising under Section 7 of the FAA, 9 U.S.C. § 7.

8. This Court has personal jurisdiction over Dr. Serena in this action, as Dr. Serena resides at 9 Cross Bow Lane, Norwell, MA 02061, located in the District of Massachusetts and he is employed as the CEO and Medical Director of SerenaGroup, Inc. and regularly transacts business in person with same which is located at 125 Cambridge Park Drive, Suite 301 Cambridge, MA 02140.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties to both this action and the Arbitration are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Venue is appropriate in this judicial district pursuant to 9 U.S.C. § 7, as Dr. Serena has refused and neglected to obey a subpoena issued by the arbitrator The Honorable Harriet Derman (ret.) requiring attendance and the production of documents and data at a hearing before the arbitrator sitting in this judicial district.

## FACTUAL AND PROCEDURAL BACKGROUND

11. NACCME and AAWC had a decades long business relationship through which they held multiple conventions and meetings, including the Symposium on Advanced Wound Care ("SAWC").

12. In holding these meetings, NACCME and AAWC had a Sponsorship Agreement which detailed the working relationship of the parties.

13. A Non-Compete provision was included in the Sponsorship Agreement in the event that the parties' business relationship ceased.

14. In October 2018, the business relationship between NACCME and AAWC was dissolved as a result of the actions of AAWC and Dr. Serena.

15. In August 2021, NACCME filed an Arbitration against AAWC as a result of AAWC's breach of the Sponsorship Agreement following the dissolution of the business relationship. Specifically, following the dissolution of the business relationship, AAWC, including through the actions of Dr. Serena as President of AAWC in 2018, breached the Non-Compete Agreement by working with multiple competitors of NACCME to hold competing wound care conference, meetings and symposiums.

16. Furthermore, during the dissolution of the business relationship, Dr. Serena, while acting as President of AAWC, made multiple defamatory statements regarding NACCME, including making defamatory and false statements to members of the wound care community.

17. Petitioner was required to arbitrate its claims against AAWC separately from its claim against Dr. Serena pursuant to a Court Order entered by the Philadelphia County Court of Common Pleas on July 14, 2020. See Exhibit E.

18. More specifically, this Court Order was issued in response to Preliminary Objections by AAWC, whose counsel similarly represented Dr. Serena in his capacity as President of AAWC at that time. See Exhibit H.

19. Despite the fact that Petitioner was pushed to separate its claims against AAWC and Dr. Serena individually by Dr. Serena's counsel at that time, and the fact that the very same counsel agreed to provide Dr. Serena for a deposition in the arbitration, Dr. Serena now attempts to argue that he cannot provide witness testimony because he succeeded in having such claims separated. See Exhibit F.

20. Instead, mere months before he was to give deposition testimony while a member of the AAWC Executive Board, Dr. Serena decided to resign from his position in hopes that he could renege on the above agreement to sit for a deposition and bolster his inexplicable argument that he should not be required to give testimony regarding multiple critical elements and events related to Petitioner's claims against AAWC.

21. As a result of this about face by Dr. Serena, Petitioner was forced to serve an arbitration subpoena to Dr. Serena, however Dr. Serena chose to instruct his personal counsel that they could not accept service on his behalf. See Exhibit C.

22. Then, upon information and belief, Dr. Serena successfully avoided multiple attempts at service of the Subpoena for approximately four months, with Petitioner only finally achieving service by having Dr. Serena served after engaging multiple process servers and a private investigator. See Exhibit B.[1]

23. Now that Petitioner has finally succeeded in serving Dr. Serena, after months and significant fees were expended, Petitioner now seeks via subpoena documents and testimony from Dr. Serena pertaining to his actions and knowledge related to the actions of AAWC under his leadership, as well as his actions in his capacity as President of AAWC alleged in the Arbitration Complaint.

## THE SUBPOENA TO NON-PARTY DR. THOMAS SERENA

24. On February 14, 2022, The Hon. Harriet Derman (ret.), pursuant to their authority under 9 U.S.C. § 7, issued a subpoena to Dr. Serena commanding his appearance before her Honor at the office of Melick & Porter, LLP, One Liberty Square, Boston, Massachusetts 02109, on the 29th day of April, 2022, at 10:00 A.M to testify, give evidence, and produce specified categories of documents and data. See Exhibit I.

25. In addition to the testimony sought, the documents and data sought by the Subpoena, including Dr. Serena's communications while President of AAWC pertaining to the dissolution of the business relationship between NACCME and AAWC and those pertaining to AAWC involvement in the competing events and conferences in violation of the non-compete clause of the Sponsorship Agreement, are relevant and material to both the alleged breaches of the non-compete clause of the Sponsorship Agreement by AAWC as well as the specific damages suffered by NACCME in the Arbitration matter.

26. On February 16, 2022, undersigned counsel requested by e-mail that Dr. Serena's legal counsel, Allison J. Beatty, Esq., an attorney at Winget, Spadafora, Schwartzberg LLP, accept

---

[1] NACCME filed an underlying matter in the Philadelphia Court of Common Pleas of Pennsylvania against AAWC, APWCA, and Dr. Serena. AAWC and Dr. Serena filed to dismiss the Complaint and or alternatively move the matter to arbitration. The Court overruled a majority of the Preliminary Objections, but dismissed the claims against AAWC to arbitration and stayed the claims against APWCA and Dr. Serena who were not parties to the Sponsorship Agreement. Exhibit E.

service of the Subpoena. On February 21, 2022, Ms. Beatty stated that she would not accept service on Dr. Serena's behalf. See Exhibit C.

27. Undersigned counsel then spent approximately four months attempting to serve Dr. Serena with the Subpoena utilizing multiple process servers and a private investigator.

28. On April 19, 2022, The Hon. Harriet Derman (ret.), pursuant to her authority under 9 U.S.C. § 7, issued a second subpoena ("the Subpoena") to Dr. Serena commanding his appearance before her Honor at the office of Melick & Porter, LLP, One Liberty Square, Boston, Massachusetts 02109, on the 24th day of June, 2022, at 10:00 A.M to testify, give evidence, and produce specified categories of documents and data. See Exhibit A.

29. Dr. Serena was personally served on April 22, 2022. See Exhibit B.

30. The Subpoena directed to and served on Dr. Serena complied with Rule 45 of the Federal Rules of Civil Procedure, which allows a subpoena to command attendance at a hearing "within 100 miles of where the person resides, is employed, or regularly transacts business in person", Fed. R. Civ. P. 45(c)(1)(A), and to produce documents subject to the same geographical limit, Fed. R. Civ. P. 45(c)(2)(A).

31. Dr. Serena has categorically refused to produce any documents or information in response to the Subpoena issued by Judge Derman (ret.), despite the fact that the undersigned counsel has worked in good faith to attain such information at the express direction of Judge Derman (ret.). See Exhibit D.

32. In fact, Petitioner even identified specific paragraphs of the Philadelphia Complaint relating to the defamation count and the defamatory email by Dr. Serena as items that they would not ask questions about at the deposition, thereby alleviating Dr. Serena's concern that he would be required to testify regarding claims against him in the stayed Philadelphia Court matter. See Exhibit D.

33. Despite this fact, and the admission of AAWC that it "believes that Dr. Serena has information relevant to the pending Arbitration and very much wishes to obtain his deposition testimony", Dr. Serena refused to agree to any reasonable scope for his deposition. See Exhibit D.

34. In response to this continued unreasonable posturing by Dr. Serena, Judge Derman (ret.) requested a conference call with counsel on February 1, 2022 in which Ms. Beatty was to explain to Judge Derman (ret.) why the subpoena is improper and to specifically cite to such authorities supporting this contention by the end of the day of January 26, 2022. See Exhibit D.

35. Not only did Ms. Beatty fail to make such citations, she further failed to appear for the conference call with Judge Derman (ret.) on February 1, 2022.

36. Rather than attempt to explain their objections to Judge Derman (ret.), the person with authority to handle issues of scope and materiality of the Subpoena, Dr. Serena and his counsel decided to instead file a Motion to Enforce the Stay Order with Philadelphia County on May 4, 2022.

37. Dr. Serena has now attempted to avoid his duties under this lawful subpoena and instead appeal to a forum which has no jurisdiction over the Subpoena.

38. Absent an order by this Court, Dr. Serena's refusal to provide testimony and produce documents and data responsive to the Subpoena will undoubtedly cause extreme prejudice to NACCME and have a substantial impact on NACCME's ability to recover on its claims against AAWC.

## THE SUBPOENA IS VALID AND ENFORCEABLE UNDER THE FAA

39. The Subpoena complies with the requirements of the FAA and is valid and enforceable. Section 7 of the FAA authorizes arbitrators to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7.

40. The subpoena must be "served in the same manner as subpoenas to appear and testify before the court." Id.

41. The Subpoena requires Dr. Serena to "appear and attend as a witness at a hearing before the arbitrator in the above-referenced arbitration, The Hon. Harriet Derman, at the office of Melick & Porter, LLP, One Liberty Square, Boston, Massachusetts 02109, on the 24th day of June, 2022, at 10:00 A.M. Eastern time to testify and give evidence in the arbitration, then and there to be held between the above entitled parties, and that you bring with you and produce certain documents now in your custody", after which the narrow set of documents requested were specifically set forth. Exhibit A, Subpoena

42. This hearing is indisputably the exact form of hearing set forth by Section 7 of the FAA, which allows arbitrators to issue subpoenas on third parties for their testimony and for the production of their documents at hearings.

7

43. Courts repeatedly have found this to include hearings held prior to the final merits hearing. Life Receivables Tr. v. Syndicate 102 at Lloyd's of London, 549 F.3d 210, 218 (2d Cir. 2008) ("[S]ection 7 authority is not limited to witnesses at merits hearings, but extends to hearings covering a variety of preliminary matters."); Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567, 578 (2d Cir. 2005) ("[T]he mere fact that the session before the arbitration panel . . . was preliminary to later hearings that the panel intended to hold does not transform the [preliminary] hearing into a discovery device."); Hay Group, 360 F.3d at 413 (Chertoff, J., concurring) (observing that the FAA grants arbitrators the power to compel a third party witness to appear with documents before an arbitrator "who can then adjourn the proceedings"); see also Wash. Nat'l Ins. Co. v. Obex Grp. LLC, No.18 CV 9693 (VB), 2019 WL 266681 (S.D.N.Y. Jan. 18, 2019) (enforcing third-party arbitration subpoena to provide testimony and documents at hearing specifically for that purpose); Me. Cmty. Health Options v. Walgreen Co., No. 18-MC-0009, 2018 WL 669042 (W.D. Wis. Dec. 20, 2018) (same); Seaton Ins. Co. v. Cavell USA, No. 3:07-CV-356 (AHN), 2007 WL 9657277, at *2 (D. Conn. Mar. 21, 2007) (same). Indeed, "[n]othing in the language of the FAA limits the point in time in the arbitration process when [the subpoena] power can be invoked or says that the arbitrators may only invoke this power under section 7 at the time of the trial-like final hearing." Stolt-Nielsen, 430 F.3d at 578.

44. The Subpoena served on Dr. Serena thus satisfies the requirements set forth in the FAA.

45. Because the Subpoena is valid and enforceable under the FAA, this Court should compel Dr. Serena's attendance at the hearing and compel Dr. Serena to produce the documents and data required by the Subpoena.

## THE COURT HAS JURISDICTION TO ENFORCE THE SUBPOENA

46. This Court is authorized pursuant to Section 7 of the FAA to enforce the Subpoena issued by The Hon. Harriet Derman (ret.). Section 7 of the FAA authorizes arbitrators to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7.

Section 7 further provides:

> [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a

majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

Id.

47. Consistent with Section 7, the Subpoena summoned Dr. Serena to appear before the arbitrator physically sitting for a hearing in Boston, Massachusetts, which is located within the district for the United States District Court for the District of Massachusetts. Me. Cmty. Health Options v. CVS Pharmacy, Inc., No. 20-10JJM, 2020 U.S. Dist. LEXIS 40313, at *7 (D.R.I. Mar. 9, 2020) (enforcing arbitration subpoena summoning third-party to appear at hearing where majority of arbitrators were physically sitting as well as granting subpoena duces tecum of documents); Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 407 (3d. Cir. 2004) (Section 7 permits subpoenas in which "the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time").

48. Moreover, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on the diversity of the parties to the above-captioned action. It is beyond dispute that there is complete diversity and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

    a. NACCME is a New Jersey corporation with a principal place of business at 104 Windsor Center Drive, Suite 200, East Windsor NJ 08520.

    b. Dr. Serena is an individual that resides at 9 Cross Bow Lane, Norwell, MA 02061, located in the District of Massachusetts. In addition, he is employed and regularly transacts business at Serena Group, Inc. located at 125 Cambridge Park Drive, Suite 301 Cambridge, MA 02140 where he is the CEO and Medical Director.

49. Significantly, a district court in the First Circuit already has determined that it has subject matter jurisdiction over a subpoena enforcement dispute arising from the same underlying arbitration when the petitioner seeks to enforce a subpoena against a non-party from whom they are diverse. Me. Cmty. Health Options v. CVS Pharmacy, Inc., No. 20-10JJM, 2020 U.S. Dist. LEXIS 40313, at *4 (D.R.I. Mar. 9, 2020) (the citizenship of the Petitioner and non-party Respondent were those relevant for diversity).

### DR. SERENA'S OBJECTIONS AS TO RELEVANCE, VAGUENESS, AND BURDEN ARE FOR THE ARBITRATOR TO CONSIDER AND ARE NOT PROPER GROUNDS TO DENY ENFORCEMENT OF THIS SUBPOENA

50. Dr. Serena's broad objections to the Subpoena are irrelevant to the question of enforceability and instead are properly reserved for Judge Derman (ret.) as Arbitrator. Me. Cmty. Health Options v. CVS Pharmacy, Inc., No. 20-10JJM, 2020 U.S. Dist. LEXIS 40313, at *7 (D.R.I. Mar. 9, 2020) (citing In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 871 (8th Cir. 2000)) (courts uniformly construe the FAA as empowering the arbitration panel — and not the courts — to assess what is material to the arbitration dispute).

51. More specifically, courts have held that each of Dr. Serena's objections—generally to scope, relevance, and burden—are issues properly before the arbitrator, not the Court. See, e.g., Me. Cmty. Health Options v. CVS Pharmacy, Inc., No. 20-10JJM, 2020 U.S. Dist. LEXIS 40313, at *11 (D.R.I. Mar. 9, 2020) ("the court's traditional relevancy determination based on Fed. R. Civ. P. 26(b)(1) is set aside in favor of the arbitration panel's determination of materiality."); Me. Cmty. Health Options, 2018 WL 6696042, at *5 ("Walgreens argues that the subpoenaed data is overly broad because it seeks information about customers unrelated to the case, but this goes to materiality, which is a matter for the arbitration panel.").

52. Even ignoring the arbitrator's authority in determining materiality, Respondent's Objections are without merit. As a general matter, the Subpoena is narrowly tailored to seek documents and data necessary for NACCME to prove liability and damages, while minimizing the burden on Dr. Serena and requesting specific information that Dr. Serena is readily able to identify and produce.

53. Specifically, NACCME seeks only those relevant documents and communications from January 1, 2018 to present of Dr. Serena in his capacity as an agent for AAWC. These communications are both time-limited, in that Dr. Serena's communications during the years from 2016 to 2018 are not requested, as well as limited in scope as to those only pertaining to the Sponsorship Agreement between NACCME and AAWC, and the alleged violations of the non-compete clause located within same.

54. The communications of a President and a Board Member of AAWC during the time in which NACCME alleges that AAWC breached the Sponsorship Agreement between the parties is directly relevant to the Arbitration Matter.

55. Dr. Serena was the President and a Board Member of AAWC, was the critical decision maker for AAWC, and holds material information related to all actions of AAWC during the relevant time period.

56. Dr. Serena was the President and a Board Member of AAWC during the relevant time period and was directly involved in the contractual relationship between AAWC and NACCME to end after decades of working together.

57. Dr. Serena was the individual actor who communicated the defamatory statements on behalf of AAWC after stating that he speaks "for the board" of AAWC. See Exhibit G.

58. Dr. Serena was the President and/or a Board Member of AAWC during the multiple breaches of the Non-Compete by AAWC.

59. Dr. Serena possesses material information related to all actions of AAWC relevant to this arbitration, there was an agreement in October 2021 for his deposition and allowing him to simply quit his organization to prevent himself from being deposed as Dr. Serena has done, completely and utterly frustrates the purpose of arbitration.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order:

A. Compelling compliance with the arbitration Subpoena, as provided by 9 U.S.C. 7; and

B. Granting such other and further relief as may be appropriate.

**MARGOLIS EDELSTEIN**

BY: _/s/ Gary R. Owens_____

GARY R. OWENS, ESQUIRE
**Attorney for the Petitioner**

Date:   May 24, 2022